**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**United States of America,**

        **Plaintiff,**

v.                                                                                          Case No. 05-20052-JWL

**Donald N. Fulton, Jr.**

        **Defendant.**

**MEMORANDUM AND ORDER**

In 2007, defendant entered a plea of guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine. He was sentenced to 97 months imprisonment followed by three years of supervised release. He completed his term of supervised release in November 2016. This matter is presently before the court on two pro se motions filed by defendant using boilerplate "petition" forms that appear to have been created by the Kansas state courts for the purpose of petitioning for relief from offender registration (doc. 100) and petitioning for expungement of a state court conviction (doc. 101) under the pertinent Kansas statutes.

Before turning to the merits of defendant's motions, the court addresses one procedural issue. After receiving defendant's motions, the court issued an order directing the government to respond to the motions on or before November 10, 2022. That deadline passed and the government did not respond to the motions or otherwise contact the court about the motions. The court then issued a show cause order requiring the government to show good cause why it had not responded to defendant's motions as ordered by the court. The government filed a timely response

to the court's order in which it asserts that the prosecutor who initially handled this case has retired and because this case has long been closed, substitute counsel did not enter an appearance in the case and support staff missed the notification of the court's order due to oversight caused by understaffing and excessive workload.  Due to the length of time that this case has been closed, the court concludes that the government has established good cause in this instance.

The court begins with defendant's petition for relief from offender registration.  The Kansas Offender Registration Act, K.S.A. § 22-4901 et seq., applies to "drug offenders," which includes those convicted of drug trafficking offenses in violation of K.S.A. § 21-5705(a)(1) or drug trafficking conspiracies in violation of K.S.A. § 21-5302.  *See* K.S.A. § 22-4902(f).  It also pertains to those convicted of a comparable "out-of-state conviction."  K.S.A. § 22-4902(f)(2). An "out-of-state" conviction includes one in federal court.  K.S.A. § 22-4902(r).

The Kansas Offender Registration Act provides a process for "drug offenders" to be relieved of further registration obligations under K.S.A. § 22-4908. The individual must file a verified petition if they have registered for at least five years after all incarceration and supervision has concluded.  *See* K.S.A. § 22-4908(a).  For an individual like defendant who was not convicted in a State of Kansas court, the petition must be filed in the district court of the Kansas county where that person is currently required to register.  *See* K.S.A. § 22-4908(d)(1).  Defendant's petition indicates that he is currently required to register in Johnson County, Kansas.  Thus, he must file his petition for relief (and the requisite docket fee) in the District Court of Johnson County, Kansas. This court lacks jurisdiction to grant the relief requested by defendant.  The motion, then, is dismissed.

2

In his petition for expungement, defendant seeks to have his federal conviction expunged. But the state statute referenced on the form submitted by defendant applies only to convictions in state court. *See* K.S.A. § 21-4619 (recodified as K.S.A. § 21-6614). In the context of a motion to expunge federal criminal convictions, the Tenth Circuit has held that "the motion must allege that the conviction is legally infirm or was secured through improper government conduct." *United States v. Trzaska*, 781 Fed. Appx. 697, 700-01 (10th Cir. July 11, 2019) (citing *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993)).[1] In *Pinto*, the Circuit held that when the motion for expungement fails to include an allegation that the conviction was somehow invalid, the motion is insufficient as a matter of law and should be denied on that basis. *Pinto*, 1 F.3d at 1071. Here, defendant has not alleged that the conviction was in any way improper. Accordingly, the motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's petition for relief from offender registration (doc. 100) is dismissed and defendant's petition for expungement (doc. 101) is **denied.**

**IT IS SO ORDERED.**

---

[1] The only statutory authority to expunge convictions is found at 18 U.S.C. § 3607(c), which provides for expungement only for a first-time drug offender found guilty of simple possession under 21 U.S.C § 844 who is under the age of twenty-one at the time of the offense and who successfully completes a pre-judgment probation period such that a judgment of conviction is never entered. Thus, there is no statutory authority for the court to order expungement of defendant's conviction.

Dated this 31st day of January, 2023, at Kansas City, Kansas.

                                                            s/John W. Lungstrum
                                                            John W. Lungstrum
                                                            United States District Judge